IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Respondent/Plaintiff,

v.                                                            No. CV 10-314 JC/WPL
                                                              CR 85-034 JC

DANIEL CHALAN, JR.,

      Movant/Defendant.

**ORDER TO SUBMIT SUPPLEMENTAL BRIEFING**

On June 6, 1985, Daniel Chalan, Jr. was found guilty of first degree murder, robbery, and two counts of use of a firearm during the commission of a felony. (Doc. 56.)[1] Chalan has now filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 88.) The petition is based on a Federal Bureau of Investigation review of the testimony regarding comparative bullet lead analysis (CBLA) that was presented in Chalan's criminal case. (Doc. 88 Ex. B.)

After reviewing the record, it is clear that Chalan did not dispute the admission of the FBI examiner's testimony on direct appeal. *See United States v. Chalan*, 812 F.2d 1302, 1304 (10th Cir. 1987). Furthermore, he raised no sufficiency of the evidence argument. *Id.* In general, courts "will not consider the merits of claims that were raised neither at trial nor on direct appeal." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (citing *United States v. Frady*, 456 U.S. 152, 162 (1982)).

The government, however, did not raise procedural default as an issue in their reply to Chalan's § 2255 petition. (*See* Doc. 92.) As a result, Chalan has not had an opportunity to be heard

---

[1] All document number references are to CR 85-034.

on the issue of procedural default. While I can raise procedural default *sua sponte*, I must give the movant "notice and a reasonable opportunity to respond to the defense." *United States v. Wiseman*, 297 F.3d 975, 980 (10th Cir. 2002).

IT IS THEREFORE ORDERED that Chalan submit a supplemental brief, which must address:

1) whether there is cause excusing the failure to directly appeal the use of CBLA testimony, and whether actual prejudice resulted from the alleged error; and

2) whether a miscarriage of justice has occurred due to the alleged error.

The brief is due no later than **October 12, 2010**. If the government wishes to file a response to the supplemental brief, the response is due no later than **October 26, 2010**.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE